**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Keante Marshall,

Plaintiff,

v.

Nevada Behavioral Health Systems,

Defendant.

Case No. 2:26-cv-01026-JAD-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 5). Plaintiff has also filed a complaint. (ECF No. 2-1). Plaintiff has further moved the Court to expedite proceedings in this matter. (ECF No. 6). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court denies Plaintiff's motion to expedite.

**I. *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 5). Plaintiff's income does not exceed his expenses. So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening the complaint.**

Plaintiff sues Nevada Behavioral Health Systems[1] for employment discrimination on the basis of race and gender/sex and retaliation under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e-17. Plaintiff alleges that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 6, 2026, and the EEOC issued a right to sue letter on March 11, 2026. Plaintiff filed this action less than sixty days later, on April 2, 2026.

Plaintiff alleges that he was hired by Nevada Behavioral Health Systems as a Licensed Marriage and Family Therapist Intern in July of 2025. Plaintiff alleges that he performed duties as a therapist and maintained a professional commitment to client care. On November 3, 2025, Plaintiff alleges that he reported homophobic comments made by management and staff to Human Resources. Specifically, Plaintiff reported that management and staff used language such as "queer" and "gay" in a negative and inappropriate manner. Plaintiff also referenced prior experiences of racial comments in the workplace. Plaintiff alleges that these incidents caused him to feel unsafe and uncomfortable in the work environment.

---

[1] The caption of Plaintiff's complaint lists only Nevada Behavioral Health Systems. (ECF No. 2-1 at 1). In listing the Defendants, Plaintiff also lists only one, naming Eddie Ramirez and listing Ramirez's job or title as "Nevada Behavioral Health Systems." (*Id.* at 2). From Plaintiff's complaint, it appears that Plaintiff is suing Nevada Behavioral Health Systems and has listed Eddie Ramirez as its representative, rather than suing Eddie Ramirez individually. This is particularly true because Plaintiff's factual allegations do not name Ramirez, but appear to be directed to the company as a whole. (*Id.* at 7-8). So, the Court construes Plaintiff's claims as being brought against Nevada Behavioral Health Systems alone. Plaintiff may amend his complaint to correct this issue if this was not his intent.

On November 7, 2025, Plaintiff was placed on suspension without pay pending an administrative investigation. Plaintiff alleges that the suspension was issued under the pretext of attendance and performance concerns. Plaintiff asserts that he had not previously been subject to disciplinary action of this nature prior to raising concerns about workplace conduct.

On November 8, 2025, Plaintiff alleges that he sought medical care to address the distress caused by the workplace situation and his subsequent suspension. Plaintiff also asserts that following his suspension, he attempted to seek clarification regarding his employment status, specifically, whether he was on administrative leave, whether the leave was paid or unpaid, and what expectations were required of him moving forward. Plaintiff asserts that Defendant failed to provide clear and consistent communication regarding Plaintiff's status.

On November 14, 2025, Defendant informed Plaintiff that he would not be permitted to return to work as expected and that the investigation remained ongoing. Plaintiff asserts that, as a result, he "experienced a hostile and unstable work environment, lack of communication, and loss of income." Plaintiff alleges that the timing of Defendant's actions right after he reported discriminatory conduct demonstrates a causal connection between Plaintiff's protected activity and the adverse employment action.

Plaintiff asserts that due to the retaliatory conduct, lack of resolution, and breakdown of trust, he determined that returning to the workplace was neither a safe nor viable option. So, he formally resigned on November 16, 2026, citing hostile and retaliatory treatment by staff and human resources. Plaintiff alleges that his resignation was not voluntary. Instead, he asserts that it was the result of the retaliatory conditions created by Defendant. Plaintiff alleges that, as a result of Defendant's actions, he suffered loss of income, emotional distress, and professional harm. Plaintiff seeks relief in the form of damages.

***A. Employment discrimination in violation of Title VII.***

To establish a prima facie case of discrimination, the plaintiff must show that: (1) he belongs to some protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the employer treated similarly situated employees outside his classification more favorably. *Chuang v. Univ. of Cal. Davis, Bd. of Tr.*, 225 F.3d 1115, 1123

(9th Cir. 2000). Here, Plaintiff has not alleged sufficient facts to establish a prima facie case of discrimination. While Plaintiff has alleged that he was qualified for his position and suffered an adverse employment action, Plaintiff has not alleged that he belongs to some protected class and has not alleged that his employer treated similarly situated employees outside his protected class more favorably. So, the Court dismisses Plaintiff's employment discrimination claim without prejudice and with leave to amend.

***B. Retaliation in violation of Title VII.***

To establish a prima facie case of retaliation, a plaintiff must show "(1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006). Here, Plaintiff alleges a prima facie case of retaliation. Plaintiff alleges that he engaged in a protected activity by reporting workplace concerns to his employer's human resources department. *See E.E.O.C. v. California Psychiatric Transactions, Inc.*, 644 F.Supp.2d 1249, 1278 (E.D. Cal. 2009) (listing various forms of protected activity and stating that "making complaints to an officer of a company about discriminatory practices is a protected activity"). He alleges that he then experienced an adverse employment action in the form of his suspension without pay. He also alleges that there was a causal connection between his protected activity and the adverse employment action given their proximity in time. *See Cornwell*, 439 F.3d at 1035 (explaining that causation sufficient to establish the third element of the prima facie case may be inferred from the proximity in time between the protected action and the alleged retaliatory employment decision). So, the Court allows Plaintiff's complaint to proceed on his claim of retaliation.

**IV. Plaintiff's motion to expedite.**

The Court denies Plaintiff's motion to expedite as moot because the Court decides Plaintiff's *in forma pauperis* application and screens his complaint herein. (ECF No. 6). The Court has a heavy docket with hundreds of cases. And Plaintiff's motion essentially asks the Court to prioritize his case before others that have been waiting their turn. The Court declines to

do so without very good reason. Additionally motions to hurry the Court along only serve to slow it down.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite (ECF No. 6) is **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 2-1) on the docket and issue summons to Nevada Behavioral Health Systems.

**IT IS FURTHER ORDERED** that Plaintiff's claim for discrimination in violation of Title VII is **dismissed without prejudice and with leave to amend.**

**IT IS FURTHER ORDERED** that Plaintiff's claim for retaliation in violation of Title VII shall **proceed.**

**IT IS FURTHER ORDERED** that because Plaintiff is proceeding *in forma pauperis* under 42 U.S.C. § 1915, he is entitled to rely on the United States Marshal's Service ("USMS") for service. Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS for service: (1) the summons issued to Nevada Behavioral Health Systems; (2) a copy of the complaint; and (3) a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff: (1) a copy of this order; and (2) a copy of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 9, 2026,** to complete the Form USM-285 and send that completed form to the USMS.

**IT IS FURTHER ORDERED** that, upon receipt of Plaintiff's Form USM-285, the USMS shall attempt service on the defendant.

**IT IS FURTHER ORDERED** that within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff

must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that service must be perfected on or before **January 7, 2027**. *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant(s), or if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: October 9, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE